This was an appeal from a judgment of the District Court of Hardy, rendered in an action of ejectment. The plaintiff (the now appellee) claimed under a patent dated May 26, 1791; the defendant (the present appellant) under one dated June 28, 1792.
On the trial, before the Jury, the defendant offered evidence to shew that the survey upon which the plaintiff’s patent was founded was illegal; and also offered to prove that the said patent was obtained upon a certificate signed by Charles Lewis as Clerk of the Land-Office, (instead of being signed by the Register or his Deputy;) which evidence the Court would not permit to go to the Jury; to this opinion the defendant objected, and tendered a bill of exceptions, which was signed and sealed by the Court. There was a verdict and judgment for the plaintiff; from which the defendant took an appeal to this Court.
Page, for the appellant. The question to be submitted to the consideration of the Court is, whether it be competent to a *144 party, on the trial of an ejectment, to impeach the validity of a patent. It is understood to have been decided in this Court, in the case of Hambleton v. Wells, that, where the defendant wished to prove that the patent under *which the plaintiff claimed had been fraudulently obtained, he ought to have been permitted to introduce evidence for that purpose. The District Court refused to permit such evidence to go to the Jury; and this Court reversed that judgment.
JUDGE ROANE
inquired whether the case of Hambleton v. Wells had ever been reported. On being answered in the negative: he observed that he had a MS. note of it, copied from one in the hand-writing of Judge Pendleton ; and, if no better report could be had, he would submit that to the inspection of the Court ;(1) of its accuracy he had no doubt, though it was but a brief note.
JUDGE LYONS.
That case was determined on a division of the Court, of three Judges to two. Three were of opinion that the fraud might be inquired into at law, and two that it could only ' be relieved against in equity. But the law .has never been deemed to be settled on one decision, especially where there has been nearly an equal division of the Court.
Stuart, for the appellee. If the Court is. satisfied that this case does not come within the reason of the case of Hambleton v. Wells, so far as that was decided on the ^question of fraud; and that the other points in it, which are applicable to the case now to be decided, have already been settled, it will be unnecessary to trouble the Court with an argument.
But, if the Court should entertain any doubt on the subject, he would wish to be indulged with a few remarks.
JUDGE TUCKER
mentioned his having signed a bill of exceptions while on the Circuit, (in the case of Laird v. Donahue, which had since gone off for want of prosecution,) in order to bring a case similar to that of Hambleton and others v. Wells again before the Court. He professed himself not satisfied with that decision. But his opinion might have been hastily made up; and, if he had taken an erroneous view of the subject, he wished to be convinced of his error. He was therefore in favour of an argument.
JUDGE ROANE
observed that, as the case now before the Court did not present a question of fraud, he could not think an. argument necessary. The Court of Appeals, in the case of Hambleton and others v. Wells affirmed the judgment of the District Court as to all the points, except that which involved the question of fraud. On that point the Judges divided; but he presumed they would have been unanimous, on all the other points.
JUDGE TUCKER
then remarked, that, as no fraud was alleged in this case, he did not see the propriety or necessity of an argument.
The judges severally delivered their opinions.
JUDGE TUCKER
considered the evidence as properly rejected by the District Court, and was in favour of affirming the judgment. [See his opinion given more at large on the next day.]
JUDGE ROANE.
Every point, which occurs in this case has already been settled in the case of Hambleton and others v. Wells, and properly decided, I am therefore of opinion that the judgment ought to be affirmed.
JUDGE ELEMING
was of the same opinion ; he was satisfied that the point had already been settled.
* JUDGE LYONS.
My own opinion, in the case of Hambleton and others v. Wells, was, and still is, that, at law, no evidence can be adduced to impeach a patent. I am for affirming the judgment.
Thursday, June 11.
JUDGE TUCKER
(after stating the case) delivered the following opinion.
There being no suggestion of fraud on the part of the plaintiff in obtaining his patent, in this case we are relieved from the necessity of discussing the decision of this Court, in the case of Hambleton, Bradford and others v. Wells, June term, 1791, (2) in which the defendant offered to prove the plaintiff to have been guilty of a fraud in obtaining his patent, by procuring a plat to bé returned to the Register’s office, knowing that an actual survey had not been made. By a note of that case yesterday read in Court by one of the Judges, who copied it from a note of the late President, Mr. Pendleton, it appears that other extraneous evidence was offered and rejected by the Court on the trial of that cause; such as a copy of the proclamation of George III. to grant lands to certain officers and soldiers; 2dly. Testimony of witnesses to shew that the deed (perhaps the patent) of the lessor of the plaintiff *145 was granted to Sarah Gibbs, the representative of John M’Naley, and not to the soldier himself, as was necessary by the proclamation; 3dly. Witnesses to prove an actual settlement by James Cox, before the warrant to Gibbs, which settlement was recognized by the commissioners; and an assignment by Cox to Decker. All which testimony this Court appears to have considered as properly rejected. The evidence offered in the present case appears to me to stand upon the same footing. It might, perhaps, have availed upon a caveat, (a proceeding calculated to prevent the emanation of a patent,) where the party applying for it does not proceed in the manner which the law requires: but, a patent being the highest evidence of a complete legal title, and a matter of record; no evidence, not in itself sufficient to avoid it, ought to be admitted to go to a Jury on the trial of an ejectment. I am, therefore, of opinion, that the judgment be affirmed.
JUDGES ROANE, DEEMING, and LYONS, expressing themselves satisfied with the opinions delivered yesterday, the judgment of the District Court was unanimously affirmed.

 Hambleton et al. v. Wells.* Appeal from Monongalia District Court.
Wells, plaintiff, v. Hambleton et al. defendants in ejectment. Defendants offered in evidence, 1st. A copy of a Proclamation of Geo. III. to grant lands to certain officers and soldiers; 2fily. As also the testimony of witnesses to shew, that the deed of the lessor was granted to Sarah Gibbs, representative of J. M. Nally, and not to the soldier himself, as is necessary by the proclamation: 8dly, and further, To prove by said witnesses that there never was a survey made by any County surveyor properly commissioned, and that the lessor of the plaintiff (the patentee) was actually privy thereto, and procured a plat to be returned without a survey actually made: and, ithly. Two witnesses to prove an actual settlement by J. Cox, before the warranty to Gibbs; which settlement was recognized by commissioners, and by assignment by Cox to Decker; and 5thly. A deed in favour of Decker, (in consequence of said certificate and assignment,) by the Governor of Virginia.
In September, 1790, the District Court overruled all the testimony, except as to the deed last recited, which alone they declared admissible testimony for the Jury. The defendants appealed.
The Court of Appeals, June, 1791, decided “That the District Court erred in not permitting the appellants to give evidence, that the appellee procured the plat, on which the patent was obtained, to be returned to the office, knowing that an actual survey had not been made, and which, if proved, would make the grant void at law. Judgment reversed, and cause remitted, with direction to admit that evidence to be entered into, but none of the other matters offered by the defendants and rejected by the Court.” — Note in Original Edition.

See foot-note to Hambleton v. Wells, 4 Call213, containing quotations from Noland v. Cromwell, 4 Munf. 173, and Stringer v. Young, 3 Pet. 340, in which the principal case is cited.

3) See Tucker’s Black, vol. 3, p. 261, note 10.